UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GLENDA RENTAS, as Personal
Representative of the Estate of Julio A.
Rentas, Jr.,

    Plaintiff,

v.                              CASE NO. 3:10-cv-00369-J-99TJC-JBT

BETTY ANN TUCKER and WILLIAMSON
DISTRIBUTORS, INC.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Unopposed Motion to Compel Appearance of Deponent William White Within Trial Jurisdiction ("Motion") (Doc. 48).

In the Motion, Plaintiff seeks an order compelling the appearance of William White, a non-party, for deposition to be taken within the jurisdiction of this Court. (*Id.*) In the alternative, Plaintiff seeks leave of Court to take the subject deposition after the discovery deadline of March 1, 2011, given Mr. White's location in Richmond, Virginia and the parties' availabilities. (*Id.*)

The deposition of Mr. White was originally scheduled to occur on September 10, 2010, at a location near his residence in Richmond, Virginia. (*Id.*) The deposition subpoena directed at Mr. White was issued by the United States District Court for the Eastern District of Virginia and served on him on September 3, 2010. (Doc. 48-1.) Mr. White appeared at the deposition site on the scheduled date, but refused to answer any questions on advice of counsel. (Doc. 48-2 at 4.) Plaintiff represents that subsequent attempts to obtain alternative deposition dates have

been unsuccessful.  (Docs. 48 & 48-3.)

To the extent Plaintiff seeks an order compelling the appearance of Mr. White for deposition within the jurisdiction of this Court, Plaintiff has not cited adequate authority to convince the Court it has the power to do so.  Plaintiff relies on Rule 45(e) of the Federal Rules of Civil Procedure, which provides that "[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena."  Plaintiff also relies on Rule 45(c)(2)(B)(i), which provides that "the serving party may move the issuing court for an order compelling production or inspection."  This Court is not the "issuing court" of the subpoena.  Therefore, this Court does not have the power to hold the witness in contempt pursuant to Rule 45(e) or to enter an order pursuant to Rule 45(c)(2)(B)(i).

The Motion is due to be granted, however, to the extent it seeks leave to take the subject deposition after the discovery deadline of March 1, 2011.  In light of Mr. White's location and Plaintiff's reasonable efforts to obtain alternative deposition dates, the Court finds it appropriate to extend the discovery deadline through April 1, 2011, solely to allow Plaintiff to depose the witness.

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 48**) is **GRANTED in part** and **DENIED in part**.  The Motion is **DENIED** to the extent it seeks an order compelling the appearance of Mr. White for deposition within the jurisdiction of this Court.  The Motion is **GRANTED** to the extent it seeks leave of Court to take the subject deposition after the discovery

deadline of March 1, 2011.

2.     The discovery deadline is hereby extended to **April 1, 2011** for the sole purpose of deposing Mr. White.  All other deadlines and terms set forth in the Case Management and Scheduling Order (Doc. 12), as amended (Docs. 17, 24, 28, 47), shall remain intact.  The granting of this extension shall not serve as the basis for seeking to extend any other case management deadlines.

**DONE AND ORDERED** at Jacksonville, Florida, on February 16, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record