UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GLENDA RENTAS, as Personal
Representative of the Estate of
Julio A. Rentas, Jr.,

    Plaintiff,

v.                                         CASE NO. 3:10-cv-00369-J-99TJC-JBT

BETTY ANN TUCKER and
WILLIAMSON DISTRIBUTORS, INC.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendants' Motion to Strike Plaintiff's Second and Third Supplements to Rule 26 Initial Disclosures ("Motion") (Doc. 61) and Plaintiff's Response in Opposition thereto ("Response") (Doc. 66). On March 25, 2011, the Court took the Motion under advisement and allowed Defendants to file a reply on or before April 1, 2011. (Doc. 67.) To date, Defendants have not filed a reply. Because Defendants have not filed a reply, the Court accepts the representations made in the Response as stated herein.

The Motion seeks an order striking as untimely Plaintiff's second and third supplements to Rule 26 initial disclosures, which were served on March 1, 2011 and March 3, 2011, respectively, and precluding Plaintiff from calling the witnesses listed in these supplements to testify at trial. (Doc. 61.) Defendants argue Plaintiff's untimely supplements prejudice them because of the witnesses' unavailability for

deposition or other discovery prior to trial.  (*Id.*)

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure:

> A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response: . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . .

Fed. R. Civ. P. 26(e)(1).

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).

Upon consideration of the circumstances as presented by the parties, the Court finds that Defendants have not established any harm caused by these supplements.  The discovery deadline in this case is March 1, 2011.  (Doc. 47.)  However, the witness listed in Plaintiff's second supplement, James Brylski, was named as a witness in Defendant's November 8, 2010 Rule 26 supplement and was actually deposed on February 17, 2011.  (*See* Docs. 66-1 & 66-2.)  Therefore, the disclosure of Mr. Brylski in Plaintiff's second supplement was harmless.

As to Plaintiff's third supplement, which identifies Jacqueline Richards and Clyde Richards as damages witnesses (Doc. 61-2), the Court also finds that Defendants have not established any harm.  Clyde Richards was previously identified as Clyde Rentas in Plaintiff's first supplement, dated October 12, 2010,

and was listed in the third supplement only to correct the witness's name. Jacqueline Richards, on the other hand, was only identified during the February 25, 2011 deposition of Glenda Rentas, and Plaintiff agrees to produce Ms. Richards for a deposition if requested by Defendants. In light of the foregoing circumstances, the Court finds any late disclosure harmless. Therefore, the Motion is due to be denied.

Accordingly, it is **ORDERED**:

The Motion (**Doc. 61**) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, on April 5, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record

3