**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**GLENDA RENTAS,**

        **Plaintiff,**

**-vs-**                                                **Case No.   3:10-cv-369-J-37JBT**

**BETTY ANN TUCKER and**
**WILLIAMSON DISTRIBUTORS, INC.,**

        **Defendants.**

_____

## ORDER

This cause comes before the Court on Plaintiff GLENDA RENTAS' ("Mrs. Rentas") Motion to Exclude Testimony of John V. Marraccini, M.D. (Doc. No. 50), Motion to Exclude Testimony of Defense Expert, Donald Fournier (Doc. No. 51), Motion for Partial Summary Judgment as to *Fabre* Defendants, Affirmative Defenses 7, 10, 11, and 12 (Doc. No. 52) and as to Defendants' Affirmative Defenses 8 and 9 (Doc. No. 53), filed on March 1, 2011. Defendants filed their responses (Doc. Nos. 54, 55, 56, and 57) on March 15, 2011. The Court, having considered Mrs. Rentas' motions and Defendants' responses, and being otherwise fully advised, finds that Mrs. Rentas' Motion to Exclude Testimony of Donald Fournier, Motion for Partial Summary Judgment as to *Fabre* Defendants, Affirmative Defenses 7, 10, 11, and 12, and Motion for Partial Summary Judgment as to Affirmative Defenses 8 and 9 are due to be GRANTED. Additionally, the Court takes Mrs. Rentas' Motion to Exclude Testimony of Dr. Marraccini under advisement to be ruled on at the final pretrial conference.

## I. FACTUAL BACKGROUND

This case involves a tragic traffic crash. Julio Rentas, Jr. ("the deceased") was driving a tandem tractor trailer for his employer, Central Transport, Inc., traveling Southbound on Interstate ("I") 95 in Flagler County, Florida, when he collided into the rear of Defendant Betty Ann Tucker's ("Mrs. Tucker") tractor trailer, owned by Defendant Williamson Distributors, Inc. ("Williamson"). The collision occurred at approximately 4:00 a.m. on December 22, 2009. At the time of the crash, Mrs. Tucker was entering the interstate after taking a stop to inspect the vehicle due to warning lights that had illuminated on the dash of her truck and was in the right lane allegedly traveling less than the posted minimum speed.

Mrs. Rentas, the personal representative of the Estate of Rentas, filed her complaint (Doc. No. 1) on April 29, 2010 against Mrs. Tucker and Williamson (collectively "Defendants"), alleging counts of negligence against both Defendants. In their amended answers and affirmative defenses (Doc. Nos. 30 and 31), filed on October 21, 2010, Defendants asserted the following relevant affirmative defenses:

> 7. Pursuant to *Nash v. Wells Fargo Guard Services, Inc.*, 678 So.[]2d 1262 (Fla. 1996), the Defendant reserves the right to assert the negligence of non-parties as an affirmative defense under *Fabre v. Marin*, 623 So.[]2d 1182[] (Fla. 1993), if any such non-parties are specifically identified during the course of discovery.
>
> 8. Any loss or damages which were sustained by the Plaintiff were caused, in whole or in part, by the deceased Rentas' own failure to confirm that the pneumatic locking tabs of the fifth wheel assembly were fully engaged.
>
> 9. Any loss or damages which were sustained by the Plaintiff were caused, in whole or in part, by the deceased Rentas' employer Central Transport, Inc.'s failure to confirm that the pneumatic locking tabs of the fifth wheel assembly were fully engaged.

> 10. Any loss or damages which were sustained by the Plaintiff were caused, in whole or in part, by the deceased Rentas' employer Central Transport, Inc.'s failure to properly maintain the fifth wheel assembly of the tractor trailer operated by Rentas.
>
> 11. Any loss or damages which were sustained by the Plaintiff were caused by the improper design of the fifth wheel assembly by SAF-HOLLAND.
>
> 12. Any loss or damages which were sustained by the Plaintiff were caused by the negligent manufacture of the fifth wheel assembly by SAF-HOLLAND USA, Inc. or HOLLAND USA, Inc.[.]

(Doc. Nos. 30 and 31 at 6-7) (emphasis added).

## II.   PROCEDURAL HISTORY

Mrs. Rentas moves for summary judgment on Mrs. Tucker's and Williamson's above-mentioned affirmative defenses. Mrs. Rentas asserts that discovery is complete and Defendants have developed no evidence to support its affirmative defenses. Mrs. Rentas argues that Defendants failed to prove the existence of a duty of any proposed *Fabre* defendant, the breach of said duty, and causation due to said breach, as they failed to introduce any evidence in their admissions, deposition testimony, affidavits, or answers to interrogatories of improper design, negligent manufacturing, or improper maintenance. (Doc. No. 52 at 5.) Similarly, Mrs. Rentas contends that Defendants failed to meet their burden as to the affirmative defenses eight (8) and nine (9) by not presenting any evidence of negligence of the deceased or Central Transport. (Doc. No. 53 at 5.)

In response, Defendants assert that Mr. Fournier, their expert witness, constructed an exemplar of the Rentas/Central Transport fifth wheel tractor/trailer hitch to assist him in understanding and demonstrating the unusual failure of the trailer hitch as evidence of a flaw or negligence under the doctrine of *res ipsa loquitur*. (Doc. No. 54 at 5; Doc. No. 55 at 4.)

3

According to Defendants, they have offered sufficient evidence showing that the fifth wheel was the instrument that caused the injury and that it was in the sole control of the deceased, Central Transport, Inc., SAF-HOLLAND, or SAF-HOLLAND USA, Inc. or HOLLAND USA, Inc.. Furthermore, they allege that the expert witness concluded that the failure of the fifth wheel would not have happened in the ordinary course of events had there been proper care that includes visual inspections. (Doc. No. 55 at 7.)

In her reply (Doc. No. 75), Mrs. Rentas notes that Mr. Fournier's deposition testimony does nothing to clarify the basis for naming the *Fabre* defendants. (*Id.* at 2.) In particular, Mr. Fournier concludes that he does not know whether the fifth wheel assembly failed due to a design defect, a maintenance defect, or some other malfunction. (*Id.* at 3.) As to the alleged maintenance defect, Mr. Fournier testified that he had no maintenance records on the subject fifth wheel and did not know anything about how it was maintained. (*Id.*) Mrs. Rentas concludes that in light of this testimony, there is no genuine issue of material fact as to the causation of the fifth wheel assembly failure for the jury's consideration.

Concurrently with her motions for partial summary judgment, Mrs. Rentas moves the Court to exclude Mr. Fournier's testimony on the ground that it fails the *Daubert* admissibility standard. (*See* Doc. No. 51.) Since the Court's ruling on admissibility of Mr. Fournier's testimony on the subject of causation of the fifth wheel assembly failure will dispose of most, if not all, Plaintiff's issues in the pending motions for partial summary judgment, the Court will first consider whether Mr. Fournier's testimony meets the *Daubert* standard.

### III. Mrs. Rentas' Motion to Exclude Mr. Fournier's Testimony

Federal Rule of Evidence 702 sets out the following requirements for expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

Under this rule of evidence and the Supreme Court decision governing its application, *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), district courts must act as "gatekeepers," admitting expert testimony only if it is both reliable and relevant, to prevent speculative and unreliable testimony from reaching the jury. *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005). In playing this role, the district court must consider whether (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562-63 (11th Cir. 1998) (footnote omitted). The party offering the expert bears the burden of satisfying each of the three elements by a preponderance of the evidence. *Rink*, 400 F.3d at 1292.

Regarding the second criterion, "[t]o assess the reliability of an expert opinion, the court considers a number of factors, including those listed by the Supreme Court in *Daubert*:

   (1) whether the expert's theory can be and has been tested;
   (2) whether the theory has been subject to peer review and publication;
   (3) the known or potential rate of error of the particular scientific technique; and
   (4) whether the technique is generally accepted in the scientific community."

5

*United States v. Abreu*, 406 F.3d 1304, 1306-07 (11th Cir. 2005) (quoting *United States v. Frazier*, 387 F.3d 1244, 1262 (11th Cir. 2004)).   However, these listed factors "are only illustrative and may not all apply in every case."  *Id.* at 1307.   In any event, "[t]he district court has wide latitude in deciding how to determine reliability."  *Id.*

The Court finds that Mr. Fournier's testimony regarding the cause of failure of the fifth wheel assembly fails under at least two prongs.  First, Mr. Fournier is not qualified to render opinions regarding the fifth wheel manufacturing, design, or maintenance.  In his deposition testimony, Mr. Fournier admitted that he has no background in fifth wheel manufacturing or design, that he has never evaluated the design of a fifth wheel assembly, that he has not had any training or experience in maintaining a fifth wheel assembly, never been to a plant where fifth wheels are manufactured, and that he never had any hands-on experience in designing a fifth wheel.  (Fournier Dep. 17:25-18:25.)   Given this, the Court determines that Mr. Fournier is not qualified to testify on the issue of whether the fifth wheel's failure was due to the alleged negligent manufacturing, design, or maintenance.

Furthermore, even if the Court were to conclude that Mr. Fournier is qualified to testify on this subject, and his testimony to be reliable, the Court is convinced that Mr. Fournier's expert testimony on this issue would not in any way be helpful to the jury with regard to whether the failure of the fifth wheel assembly was due to the negligence of the manufacturer, the designer, Central Transport, or the deceased.   Indeed, Mr. Fournier admitted that he is unable to narrow down why the fifth wheel assembly failed, whether because of negligent manufacturing, design, or maintenance, or because of the collision itself.  (Fournier Dep. 96:2-15 (saying "[w]ith regard to the exact failure mechanism or mechanisms, I have not made that determination.")   Mr. Fournier's

testimony, at best, contemplates many possible ways, some under a different set of circumstances from the instant case, in which a fifth wheel assembly could fail, but does not help the trier of fact in determining whether any of the *Fabre* defendants' negligence caused the failure of the fifth wheel assembly.

Based on the foregoing, the Court **GRANTS** Mrs. Rentas' Motion to Exclude Mr. Fournier's Testimony on this limited issue. Defendants may not present any of Mr. Fournier's testimony to show that the cause of the fifth wheel's failure was due to the alleged negligent manufacturing, design, or maintenance.

IV.    Mrs. Rentas' Motion for Partial Summary Judgment

as to Affirmative Defenses 7, 8, 9, 10, 11, and 12

*A. Summary Judgment Standard*

Although this is a diversity action governed by Florida substantive law, federal law determines whether summary judgment is appropriate. *See Hammer v. Slater*, 20 F.3d 1137, 1140 (11th Cir. 1994); *Kroon v. Beech Aircraft Corp.*, 628 F.2d 891, 892 (5th Cir. 1980).[1] On a motion for summary judgment, the movant bears the initial burden of showing that no genuine issue of material fact remains for trial. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986); *see also Zivojinovich v. Barner*, 525 F.3d 1059, 1066 (11th Cir. 2008). To avoid summary judgment, the opposing party must come forward with specific facts in dispute that are material and of a substantial nature. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.11 (1986). Conclusory allegations, evidence that is not significantly probative, and personal opinions will not suffice to defeat a motion for summary judgment. *Johnson v. Fleet Fin., Inc.*, 4 F.3d 946, 949 (11th Cir.

---

[1] Former Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

1993). Though the opposing party must present specific evidence showing a question of material fact, the Court must draw all reasonable factual inferences in favor of the opposing party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986).

*B. Discussion*

The Court finds that Defendants have failed to present any evidence creating a genuine issue of material fact as to their seventh (7), eighth (8), ninth (9), tenth (10), eleventh (11) and twelfth (12) affirmative defenses. None of the deposition testimony or other record evidence reveals any fault on the part of the deceased, Central Transport, Inc., SAF-HOLLAND, or SAF-HOLLAND USA, Inc. or HOLLAND USA, Inc..

The Court rejects Defendants' argument that they have offered sufficient evidence that the fifth wheel was the instrument that caused the deceased's death, that it was in the sole control of the deceased or Central Transport, and that the failure of the fifth wheel would not have happened in the ordinary course of events had there been proper care that includes visual inspections. (Doc. No. 55 at 7.) This, Defendants contend, entitles them to the inference in aid of proof of negligence granted by the doctrine of *res ipsa loquitur*. Under the doctrine,

> Establishment of the facts that the instrument causing the injury was in the sole control of the [party], that the occurrence would not have happened in the ordinary course of events had there been proper care on the [party's] part, provides evidence that injury sprang from the [party's] negligence.

*Yarbrough v. Ball U-Drive Sys., Inc.*, 48 So.2d 82, 83-84 (Fla. 1950); *Empire Club, Inc. v. Hernandez*, 974 So.2d 447, 448-49 (Fla. 2d DCA 2007).

The Court disagrees with Defendants' contention. First, there is no evidence of the deceased's or Central Transport's failure to visually inspect the fifth wheel assembly to support

8

Defendants' argument that had they done so, the failure of the fifth wheel would not have happened. Second, even if Defendants had offered sufficient evidence showing that the failure of the fifth wheel assembly caused the deceased's death, they provided no evidence that something other than the collision caused the failure of the fifth wheel. In other words, Defendants have not shown that a properly designed, properly manufactured, and properly maintained fifth wheel assembly would not have failed under the circumstances in this case. For these reasons, Defendants' *res ipsa loquitur* argument fails. Lamentably for Defendants on this issue, conclusory statements are not sufficient to overcome a summary judgment motion.

*C. Conclusion*

Based on the foregoing, it is ordered as follows:

1. Plaintiff's Motion to Exclude Testimony of Donald J. Fournier, Jr., P.E. (Doc. No. 51), filed on March 1, 2011, is GRANTED. Other than the limitations set forth herein, Mr. Fournier's testimony as to the analysis and reconstruction of the accident is not excluded.

2. Plaintiff's Motion for Partial Summary Judgment as to Affirmative Defenses 7, 10, 11 and 12 (Doc. No. 52), filed on March 1, 2011, is GRANTED.

3. Plaintiff's Motion for Partial Summary Judgment as to Affirmative Defenses 8 and 9 (Doc. No. 53), filed on March 1, 2011, is GRANTED.

4. Plaintiff's Motion to Exclude Testimony of John V. Marraccini, M.D. (Doc. No. 50), filed on March 1, 2011, is taken under advisement.

**DONE** and **ORDERED** in Chambers, in Jacksonville, Florida on July 5, 2011.

_____
ROY B. DALTON, JR.
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party